HARDY, Judge
(dissenting).
The majority opinion in its statement of the facts involved in this case makes reference to the only testimony with respect to the lighting conditions in the locality which was given by the plaintiff to the effect that there was slight illumination sufficient to permit her to see the ground. This observation is obviously inconsistent with the conclusion in the latter part of the opinion to the effect that plaintiff attempted to pass through the gateway “in complete darkness.”
I cannot agree with the application of “the step in the dark” principle upon which, *669 the majority appears to place its principal reliance. The quotations from cases cited in the opinion which include the terms “impenetrable darkness” and “nothing hut darkness” are not appropriate to the facts of the instant case.
In my opinion the plaintiff invitee was not guilty of negligence and had the right to assume that she could safely traverse the premises with the help of some illumination, however slight, particularly in view of the fact that at the time she was accompanied by the wife of the owner of the premises.
I respectfully dissent.
Rehearing denied; HARDY, J., dissents.